(No. 11586.—Judgment affirmed.)

THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. STATUTES—*in construing statutes courts are not confined to literal meaning of the words.* In construing statutes the intention of the legislature is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to such intention, as ascertained from a consideration of the whole act.

2. SAME—*construction leading to absurd consequences will be avoided, if possible.* In construing statutes the courts are bound to presume that absurd consequences leading to great injustice were not contemplated by the legislature, and a construction should be adopted which it is reasonable to presume was contemplated.

3. WORKMEN'S COMPENSATION—*what circuit court may review Industrial Board's decision.* The words "parties defendant," used in section 19 of the Workmen's Compensation act, which section provides that "the circuit court of the county where any of the parties defendant may be found" shall have power by *certiorari* to review the decision of the Industrial Board, refer to the claimant or the employer, as the case may be, and do not authorize the suing out of the writ in any county where members of the Industrial Board, alone, may be found.

4. Practice—*a special appearance must question jurisdiction, only.* A special appearance must be confined to a denial of jurisdiction, as an appearance for any other purpose is general.

5. Same—*attorney may question jurisdiction by motion.* Where want of jurisdiction in a *certiorari* proceeding is apparent on the face of the record, the objection may be made by the defendant's attorney by a motion to quash the writ and need not be made by the defendant personally.

6. Same—*when motion to quash writ of certiorari raises objections to jurisdiction, only.* A motion to quash a writ of *certiorari* to review a decision of the Industrial Board on the grounds that no sufficient application was made for the writ and that the writ was issued by the circuit court of the wrong county raises jurisdictional objections, only, as a *præcipe* in due form is essential to give the court jurisdiction to issue the writ, and such writ must be issued in the proper county.

Writ of Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

J. M. Hamill, and C. P. Hamill, for plaintiff in error.

D. J. Sullivan, for defendants in error.

Mr. Chief Justice Carter delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of Cook county quashing a writ of *certiorari* issued by it on the application of plaintiff in error.

The Louisville and Nashville Railroad Company, plaintiff in error, operates a railroad through St. Clair county, Illinois. Louis C. Kirk was employed by said railroad company in repairing cars, and while so acting bruised his thumb with a hammer, from which injury blood poisoning set in, causing his death. He left surviving him his widow, who is the administratrix of his estate and a defendant in error herein. On a hearing had before the arbitrator of the Industrial Board in November, 1916, an award was entered in favor of said administratrix. On a petition for review this award was affirmed by the Industrial Board,

and within twenty days thereafter plaintiff in error made application to the circuit court of Cook county for a writ of *certiorari* to review the decision of the Industrial Board. A *præcipe* was issued, returnable to the May term of said circuit court, and the Industrial Board made return to the writ by certifying the record of all proceedings in the case. The Industrial Board was served in Cook county and said administratrix was served by *scire facias* in St. Clair county. The administratrix filed a written motion in the circuit court of Cook county to quash the writ. Thereafter, on a hearing before the circuit court on this motion, it was shown that the administratrix was a resident of St. Clair county, that petitioner had agents there and that the letters of administration were issued in that county. The circuit court granted the motion to quash the writ for want of jurisdiction in the circuit court of Cook county.

Plaintiff in error insists that the circuit court erred in quashing the writ. Counsel rely especially in support of this argument upon that portion of section 19 of the Workmen's Compensation act which reads: "The circuit court of the county where any of the parties defendant may be found shall by writ of *certiorari* to the Industrial Board have power to review all questions of law presented by such record. * * * Service upon any member of the Industrial Board, or the secretary thereof shall be service on the board, and service upon other parties in interest shall be by *scire facias,* or service may be made upon said board and other parties in interest by mailing notice of the commencement of the proceedings and the return day of the writ to the office of said board and the last known place of residence of the other parties in interest." (Hurd's Stat. 1916, p. 1283.) It is insisted that, reading this quoted portion of section 19 in connection with the rest of the act, it is clear that the legislature intended the Industrial Board to be one of the parties defendant, in such a proceeding as this, in the circuit court, and that therefore such proceeding

could be brought in the circuit court of any county where a member of the Industrial Board could be found.

Sub-section (*b*) of section 19 of the Workmen's Compensation act provides that the hearing before the arbitrator shall be in the vicinity where the injury occurred. The act does not provide where the Industrial Board shall hold its meeting, except that it may be held at its office or anywhere else that the board may deem advisable. Sub-section (*e*) of said section 19 provides: "After such hearing upon review, the board shall file in its office its decision thereon, and shall immediately send to *each party* or his attorney a copy of such decision," etc. Again, in the same sub-section it is provided: "The board shall give ten days' notice of the time and place thereof to the parties or their attorneys." Beyond question, the members of the Industrial Board were not intended to be included in the term "parties" or "each party."

It is clear from the entire act that it was passed for the purpose of speedily disposing of claims for injuries with as little expense as possible. The legislature doubtless had the power to authorize any circuit court in the State of Illinois to issue the writ of *certiorari* had it seen fit so to do, but it does not seem reasonable to suppose that the legislature intended that a claimant, such as we have in this case, should be required to travel three hundred miles across the State to defend her claim after it had been allowed by the Industrial Board. The intention of law-makers is to be gathered from necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not also within the intention. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with

such intention.   When great inconvenience or absurd consequences will result from a particular construction, that construction should be avoided unless the meaning of the legislature be so plain and manifest that avoidance is impossible.   The courts are bound to presume that absurd consequences leading to great injustice were not contemplated by the legislature, and a construction should be adopted that it may be reasonable to presume was contemplated. A statute is passed as a whole and not in parts or sections, and therefore, in order to get the real intention of the legislature, the whole act should be studied and construed.   *Uphoff* v. *Industrial Board,* 271 Ill. 312; *Hoyne* v. *Danisch,* 264 id. 467; *People* v. *Wren,* 4 Scam. 269.

.Reading the entire act together, and having in mind the intention and purpose of such acts as this to simplify procedure and lessen the cost and expense of adjusting the claims, we do not think the legislature intended by the wording of section 19 relied upon by counsel for plaintiff in error to permit the proceedings to be brought in any county where a member of the Industrial Board may be found. We are of the opinion that the words, in "the circuit court of the county where any of the parties defendant may be found," do not include members of the Industrial Board, and do not include, for the suing out of the writ in the circuit court, the counties where the members of the Industrial Board may be found.   The only parties in interest are the claimant and the employer.   To hold otherwise, it seems to us, would result in absurd consequences, which the legislature never intended.   This being our construction of the statute, the circuit court rightly quashed the writ of *certiorari* on the ground that the circuit court of Cook county was without jurisdiction to issue the writ.

The further point is made that counsel for the executrix waived the question of jurisdiction over her person by filing a general entry of appearance in the circuit court of Cook county.   The executrix by her attorney moved to quash the

writ in the following words: "And now comes the respondent in the above entitled cause, by D. J. Sullivan, her attorney, and, limiting her appearance for the purpose of this motion, moves the court to quash the writ of *certiorari* issued herein for the following reasons: (1) That no sufficient application was made by the petitioner on which to issue said writ; (2) because it appears upon the record returned by the Industrial Board in response to said writ that the injuries sought to be adjusted in the proceeding to be reviewed occurred in St. Clair county, Illinois; that the hearing before the arbitrator occurred in St. Clair county, Illinois; that the appeal taken from the decision of the arbitrator to the Industrial Board was heard by said board in St. Clair county, and that under the law the writ of *certiorari* to review the proceedings of said board should have issued from the circuit court of St. Clair county or from some county where the respondent was found; that the respondent was not found in Cook county but was found and served in St. Clair county, Illinois, as will appear from the sheriff's return upon the writ herein, and that, therefore, the circuit court of Cook county has no jurisdiction in the matter."

Counsel for plaintiff in error insist that the question here raised is jurisdiction of the person, and that this appearance did not limit the motion specifically to such jurisdiction. A special appearance must be for the purpose of urging jurisdictional objections, only, and it must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general. (*Nicholes* v. *People,* 165 Ill. 502; *Franklin Life Ins. Co.* v. *Hickson,* 197 id. 117.) "Any act by the defendant which recognizes the jurisdiction of the court amounts to a general appearance. * * * An appearance is special where it is made for the sole purpose of objecting to the jurisdiction of the court over the person of the defendant because of want of process, because of defects in

the process or in the service thereof, because the process is void or illegal, or because the action was brought in the wrong county or judicial district." (4 Corpus Juris, 1316.) Obviously, the attorney in filing this motion intended to have it a limited appearance. Did he by such motion admit the jurisdiction or raise any question on the merits? We think not. By his first objection he questioned the jurisdiction of the circuit court because there was no sufficient application,—that is, as we understand it, no sufficient *præcipe,*—and under the holdings of this court in *Smith-Lohr Coal Mining Co.* v. *Industrial Board, 279* Ill. 88, we think that a *præcipe* in due form was necessary in order to give the court jurisdiction. Of course, the second objection to the motion was clearly made to raise the question of the jurisdiction of the court on the ground that the writ of error was sued out in the wrong county. We think the question raised on the second part of the motion was clearly a question of jurisdiction, only, and did not, by direction or indirection, raise any other than jurisdictional questions, and therefore did not make the appearance a general one.

It is further insisted that the question of jurisdiction cannot be raised by an attorney but must be raised in person, citing in support of this, *Mineral Point Railroad Co.* v. *Keep, 22* Ill. 9, where this court said that a plea to the jurisdiction should be made in person and not by attorney. The question here was not raised by a plea but by motion. This question is properly raised by motion by the attorney where the objection is apparent on the face of the record. (2 Ency. of Pl. & Pr. 624-627, and cited cases.) The motion was properly made by the attorney.

The circuit court rightly quashed the writ. The judgment of that court will therefore be affirmed.

*Judgment affirmed.*