(Nos, 15289-15290—Writs awarded.)

THE PEOPLE ex rel. John C. McDonnell, Petitioner, vs. WILLIAM HALE THOMPSON, Mayor, et al. Defendants.—THE PEOPLE ex rel. Jeremiah J. McAuliffe, Petitioner, vs. WILLIAM HALE THOMPSON, Mayor, et al. Defendants.

*Opinion filed February 17, 1925.*

1. CERTIORARI—*appeal does. not operate to suspend judgment.* In the absence of a special statute to the contrary, an appeal or *supersedeas* bond or writ of error will not operate to suspend a judgment of the circuit court in a *certiorari* proceeding to review the action of a civil service commission in removing a party from office.

2. SAME—*judgment cannot be collaterally attacked by mandamus—civil service.* A judgment of the circuit court in a *certiorari* proceeding, holding that an order of a civil service commission removing the relator from office was null and void, cannot be collaterally attacked by defendants to a writ of *mandamus* to restore the relator to office and compel the payment of his salary for the time he was unlawfully removed.

3. CIVIL SERVICE—*when new officer is not a necessary or proper party to a certiorari proceeding to review order removing former officer.* Where a civil service commission has entered an order removing an officer from the civil service and another has been ap-

pointed to the office, the latter is not a necessary or proper party to a *certiorari* proceeding in the circuit court to review the order of removal, where he had nothing to do with the removal of his predecessor or with the charges against bim.

4. MANDAMUS—*mandamus is proper to restore party unlawfully removed from office—salary.* Mandamus is a proper remedy to restore a party to the possession of an office from which he has been illegally removed notwithstanding another has been appointed in his stead, and a judgment awarding the writ of *mandamus* to compel re-instatement in office may include command to pay salary.

5. SAME—*a party unlawfully removed from office is entitled to his salary although it has been paid to another.* Payment in good faith of the salary of an officer to a *de facto* officer constitutes a bar to an action by the *de jure* officer for the salary paid to the former, but where a party has been unlawfully removed from his office and the salary has been paid to another person illegally appointed in his stead a writ of *mandamus* will be awarded requiring the re-instatement of the relator in office and the payment of his salary during his illegal removal.

ORIGINAL petitions for *mandamus.*

SCOTT, BANCROFT, MARTIN & MACLEISH, (EDGAR A. BANCROFT, VINCENT D. WYMAN, and LESTER L. FALK, of counsel,) for petitioners.

SAMUEL A. ETTELSON, Corporation Counsel, (GILBERT G. OGDEN, of counsel,) for defendants.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The relator John C. McDonnell on leave filed in this court a petition for *mandamus* commanding the defendants, the mayor, fire marshal, city comptroller, city treasurer, the civil service commissioners, the second assistant fire marshal, and Patrick Egan, acting second assistant fire marshal, of the city of Chicago, to forthwith recognize him as second assistant fire marshal and chief of fire prevention and public safety of said city, to place him upon the payroll and pay him the moneys appropriated by the city coun-

cil as salary for said office from December 18, 1922, and thence until he is retired or legally removed from said office or position, as may be provided for by law, and for other and further relief. The defendants filed a joint and several answer to the petition, to which the relator filed a general and special demurrer, and the cause has been submitted on the petition, answer and demurrer.

The facts stated in the petition and admitted by the answer are substantially the following: Relator joined the Chicago fire department in 1885 and from that time advanced grade by grade, and in 1918 was legally appointed and qualified as second assistant fire marshal, an office or position classified under the Civil Service law, and continued in that office or position until September 23, 1922, when he was brought before the civil service commission on certain charges set forth in the petition. The civil service commission on said last date entered an order on the charges, directing the discharge of the relator from his office or position, and since November 1, 1922, defendant Patrick Egan has been discharging the duties of second assistant fire marshal and drawing the compensation for such office or position. Thereafter, in *certiorari* proceedings in the circuit court of Cook county, the record of the civil service commission discharging the relator was "quashed and for naught esteemed" by the judgment of the circuit court entered in such proceedings. The judgment of the circuit court had not been reversed or modified up to the filing of this petition. Thereafter, on January 4, 1923, the relator served a written notice upon the mayor, the city treasurer, the city comptroller and the fire marshal, advising them that the circuit court had entered an order in the *certiorari* proceedings quashing the record of the proceedings of the civil service commission in the matter of the charges against the relator; that he had deposited with the city treasurer a certified copy of such order. In the notice he demanded that they restore him to the office or position

aforesaid, for which he was ready, willing and able to discharge the duties; that they pay to him the salary appropriated for said office or position from December 18, 1922, the date of the judgment of the circuit court, and that such salary be paid in the future to him and to none other. The defendants refused to recognize relator as second assistant fire marshal, and defendant Egan is still discharging the duties thereof and drawing the pay therefor. The other allegations in the petition were denied *seriatim* by the answer.

The defendants set up as defenses in their answer the following matters, in substance: First, that the appeal from the *certiorari* judgment operated as a *supersedeas;* second, that the *certiorari* judgment was erroneous and void; third, the defendant Egan, who is acting as second assistant fire marshal, was not a party to the *certiorari* proceedings and is not affected by the judgment; fourth, this proceeding in *mandamus* is not a proper proceeding to determine the right of Egan to said office or position; and fifth, Egan has received the pay of the office or position and the relator cannot recover it from the city. These five points or alleged defenses to the petition constitute the real defense for the defendants. The contention of the relator is that none of these matters constitute a defense to the petition, and for that reason his demurrer to the answer should be sustained and the writ awarded to him.

Since the submission of this cause to the court the parties thereto have filed a stipulation to the effect that the relator has been restored and assigned to duty as second assistant fire marshal, and that the parties have agreed that the question of the right of the relator to re-instatement, as prayed in the petition, may be dismissed and the cause retained only for the purpose of determining the question of the relator's right to compensation for the period during which he was deprived of and excluded from his office or position. We are in doubt as to whether or not the defendants by this stipulation mean to confess that the first

four defenses set up matters that constitute no defense to the facts set up in the petition, and that they thereby admit that the relator was wrongfully removed from office and was entitled to be restored, under the facts admitted or set out in the petition, to his office or position. As the right of the relator to his salary depends upon the sufficiency of the allegations in the petition, and as to whether or not the demurrer to the defendants' answer should be sustained or overruled, we consider it necessary to pass upon these questions.

No one of the first four special points set up any matters that can be considered as proper defenses to the petition, and the same is true as to the matters relied on in the fifth point. The demurrer to the answer will therefore be sustained for the reasons now briefly stated.

The claim that the appeal from the judgment in the *certiorari* proceedings operated as a *supersedeas* cannot be sustained. The judgment of the circuit court in the *certiorari* proceedings is self-executing and requires no process of any kind to enforce it. The law is, in the absence of a special statute to the contrary, that an appeal or *supersedeas* bond or writ of error will not operate to suspend such a judgment. (20 Ency. of Pl. & Pr. 1244; *People* v. *Reinberg,* 263 Ill. 536; *Barnes* v. *Typographical Union,* 232 id. 402.) The judgment in the *certiorari* proceedings cannot be collaterally attacked in this suit by the defendants. The judgment was in legal effect a judicial determination that the order of the civil service commission sustaining the charges against relator and removing him from office was null and void, which is a legal determination, in substance, that he was entitled to be restored to his office. It cannot, therefore, be attacked collaterally in any proceeding, as the court had jurisdiction of the subject matter, etc., until reversed or set aside. (*City of Cairo* v. *Campbell,* 116 Ill. 305.) Egan was in no sense a proper party to the *certiorari* proceedings. The record of the proceedings quashed in that

case was simply a record made by the civil service commission concerning the charges against the relator, and Egan was not a party to those proceedings, and there was no reason for making him a party thereto, as he had nothing to do with the removal. He is a party to this suit, which is the only one that could affect him in the sense that he should be made a party, and even in this suit there is no contest between Egan and the relator as to which one is entitled to the office. This is a *mandamus* proceeding, in which it is contended that the relator was wrongfully removed from his office and that he be restored to such office and to the pay-roll. *Mandamus* is unquestionably a proper remedy to restore a party to the possession of an office from which he has been illegally removed. (*People* v. *Dreher,* 302 Ill. 50; *State* v. *Miles,* (Mo.) 109 S. W. 595.) The foregoing were the only defenses attempted to be set up in the defendants' answer, and for the foregoing reasons the demurrer to the answer is sustained. *People* v. *Powell,* 274 Ill. 222.

The defendants by their answer admitted all the essential averments of the petition, including the averments that the relator had been wrongfully removed from his office and that the circuit court had judicially determined that fact by declaring in the judgment in the *certiorari* proceedings that all of the proceedings before the civil service commission were void and of no effect. A judgment awarding the writ of *mandamus* to compel re-instatement in office may include a command to pay salary. (*People* v. *Coffin,* 279 Ill. 401; 18 R. C. L. 260; *State* v. *Rundberg,* (Mo.) 226 S. W. 986.) The rule in this State is, that the payment in good faith of the salary of an officer to a *de facto* officer constitutes a bar to an action by the *de jure* officer for the salary paid to the *de facto* officer. (*People* v. *Schmidt,* 281 Ill. 211.) The well defined exception to the above rule is that where the relator is illegally removed from his office and the salary has been paid to another person illegally ap-

pointed in his stead a writ of *mandamus* will be awarded requiring the re-instatement of the relator in office and the payment of his salary during his illegal removal. (*People* v. *Brady,* 262 Ill. 578; *People* v. *Stevenson,* 270 id. 569; *People* v. *Coffin, supra.*) The relator in this case was clearly entitled to be paid his salary from December 18, 1922, the date of the judgment of the circuit court in the *certiorari* proceedings, and is entitled to the writ to compel the payment of the same.

The case of the relator Jeremiah J. McAuliffe against the same defendants as in the case we have just considered is in all respects like the latter case. The only difference is that McAuliffe's petition was a petition for *mandamus* against the defendants to compel them to restore him to the office or position of fourth assistant fire marshal, except that James Costin, fourth assistant fire marshal, and John Smith, acting fourth assistant fire marshal, of the city of Chicago, were made defendants by McAuliffe in lieu of Patrick Egan, acting second assistant fire marshal, and Arthur R. Seyferlich, as second assistant fire marshal. The two petitions contain practically the same allegations, to which there was the same joint answer, in substance, of the defendants, and to the answer there was the same demurrer interposed by the relator. The cases were consolidated for a hearing. The same stipulation by the parties to this suit has been filed as was filed in the suit by McDonnell. The opinion in the McDonnell case is entirely applicable to the McAuliffe case, and for the reasons therein given the relator McAuliffe is held to be entitled to his salary from the same date aforesaid.

The writs are awarded in both cases, commanding the city to pay such salaries.                    *Writs awarded.*