(No. 16735.—Judgment affirmed.)
THE PEOPLE ex rel. Alva Shrout, County Collector, Appellant, vs. L. J. LONG, Appellee.

*Opinion filed December 21, 1927.*

1. SCHOOLS—*collector cannot question correctness of certiorari proceedings to review detachment except by quo warranto.* The correctness of the record in a *certiorari* proceeding to review a detachment of territory from a high school district, and in which it was held that the detachment was regular, cannot be questioned in the county collector's proceeding for judgment and sale of property for taxes of the district, as such *certiorari* proceeding can be attacked only by a *quo warranto* proceeding to which the school district is a party, and the *quo warranto* proceeding can be effective as a bar to the *certiorari* proceeding only when it is shown that the return in the latter proceeding is untrue in material parts thereof.

2. SAME—*school district cannot tax property in territory which has been detached.* The powers of a school district to levy taxes are limited to the property within the boundaries of the district at the time of the levy and any attempt to levy a tax on property in territory detached from the district is illegal, and the defense that the property taxed is not within the boundaries of the district may be made by objections to the application of the county collector for judgment and sale.

3. SAME—*what constitutes detachment of territory from high school district—estoppel.* Where *certiorari* proceedings have been instituted to review detachment of territory from a high school district, and judgment is finally rendered, and affirmed on appeal, that the detachment was regular and validated by the curative act of 1921, it is the action of the *ex-officio* board validated by the curative act that constitutes the detachment and not the judgment in the *certiorari* proceedings, notwithstanding the map of the district showing the detached territory was not filed until a year after the curative act took effect; and acts of a property owner in the detached territory in participating in elections and paying taxes in the district prior to the final determination of the *certiorari* proceedings do not estop him from objecting to taxes after the curative act validated the detachment.

4. SAME—*when judgment in quo warranto proceeding does not estop relator from objecting to taxes in detached territory.* The

fact that judgment was rendered against a relator in a *quo warranto* proceeding questioning the authority of a high school district board over certain territory which had been detached from the district does not estop him from objecting to taxes levied on property in the detached territory, where the judgment in the *quo warranto* proceeding was not upon the merits but was that the writ be quashed because the district itself was not a party to the proceeding, and that the defendants, who were the individuals constituting the board, were not guilty.

5. STATUTES—*when validating act may be passed.* The legislature may by a curative act validate any proceeding which it might have authorized in advance.

6. QUO WARRANTO—*when corporation must be made defendant to information.* Where an information in *quo warranto* charges the usurpation of a franchise by a corporation, as where the corporation is exercising authority over territory alleged to be without the corporate limits, the information should be against the corporation, but if the information be for usurping the franchise to be a corporation it should be against the particular persons guilty of the usurpation.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

CARL H. PREIHS, State's Attorney, and LESLIE J. TAYLOR, for appellant

HOGAN & REESE, and WALTER M. PROVINE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The People, on the relation of Alva Shrout, county collector of Christian county, filed an application in the county court of that county for judgment and sale of the property of L. J. Long for delinquent taxes levied by Community High School District No. 305 for the year 1922. Long filed objections to the application, and upon a hearing the objections were sustained and the application denied. The collector prosecutes this appeal.

Some of the objections filed by appellee are the following: There is no authority of law for the levy or exten-

sion of the tax; the property involved is not located within said high school district and is not subject to taxation for the district; the property against which the tax was levied was by valid order of the *ex-officio* high school board detached from the district; the action of the *ex-officio* board in detaching the property of appellee was validated by an act of the legislature; and there is a judgment upholding the detachment proceeding in the circuit court of the county.

Appellant by his proof in the county court made a *prima facie* case of his right to judgment and sale of the property in question. To sustain his objections appellee introduced in evidence the complete record in a certain proceeding in the circuit court of said county in which J. M. Wiswell and others, as members of the board of education and tax-payers of said community high school district, were petitioners, and O. P. Simpson, Logan G. Griffiths and E. A. George, county superintendent of schools, county judge and county clerk of said county, respectively, composing the *ex-officio* board of education of the county, were respondents. The exhibits composing the record are the following: (1) The original petition praying for a common law writ of *certiorari* directing the *ex-officio* board of education to certify and bring into court a certain petition to it for the detachment of territory from the high school district, and that they further certify and return all papers, plats, documents and files pertaining to the proceedings for detachment and the final action and decision of the respondents thereon, and further praying that if the proceedings and decision of the respondents in such detachment proceedings should be found defective, insufficient, null and void, they should be so declared by the court, etc.; (2) the writ of *certiorari* issued in the cause commanding the members of the *ex-officio* board that they make their answer and return, etc.; (3) the original answer and re-

turn to the petition by the *ex-officio* board and to which they certified that the same is a true and perfect transcript of the records, papers, documents and files relating to the detachment proceedings, and which records, documents, papers and files were filed in the office of the *ex-officio* board on and before November 17, 1922, the date of the writ of *certiorari;* (4) the motion of the petitioners to quash the record of the proceedings of the *ex-officio* board, the respondents, by which they undertook to detach territory from said high school district, and that their proceedings to detach such territory be declared null and void by the court; (5) the motion of the respondents to quash the writ of *certiorari;* (6) all orders of the circuit court made in the cause, including the final order and judgment of the court rendered January 18, 1923, denying the motion of petitioners to quash the record and sustaining the motion of respondents to quash the writ and ordering that the record be sustained and that the writ of *certiorari* be quashed and that respondents recover costs, which judgment recites that the petitioners excepted to the judgment of the court and prayed an appeal to the Supreme Court. Appellee then offered in evidence the mandate of the Supreme Court of this State reciting that on June 17, 1924, that court, after having duly inspected and examined the record of the cause in the circuit court, wherein J. M. Wiswell and others were appellants and the members of the *ex-officio* board of education were appellees, found that in the record there was no error and affirmed in all things the order and judgment of the circuit court, which mandate was filed in the cause in the circuit court.

The decision of the Supreme Court in *Wiswell* v. *Simpson,* 313 Ill. 49, is the decision of this court affirming the judgment of the circuit court. The substance of that decision is, that, assuming that the return of the respondents was true and correct in every particular, the validating act approved June 24, 1921, (Laws of 1921, p. 828,) had the

effect of validating the act of the *ex-officio* board of education in detaching the territory of the community high school district and attaching such detached territory to the non-high school district of said county. The validating act was apparently passed by reason of the decision of this court in *Jackson* v. *Blair*, 298 Ill. 605, holding that section 90 of the School law, as amended in 1917 and providing for a change in the boundaries of high school districts, was unconstitutional and invalid. The truth and correctness of the record in the *certiorari* proceedings cannot be inquired into except by *quo warranto*, and neither party to the *certiorari* proceedings can attack the truth or effect of the judgment therein except by a direct proceeding in *quo warranto* by the introduction of evidence showing that the return of the *ex-officio* board was incorrect or untrue in some material parts thereof.

Appellee also offered in evidence a map of the high school district filed in the office of the clerk of the county court on May 18, 1922, and showing the territory detached from the high school district, which map was duly certified to by O. P. Simpson, county superintendent of schools of said county, as a true and correct copy of the map of the high school district, and showing by red line boundary the territory petitioned to be detached from the district and attached to the non-high school district. He also offered in evidence the certificate of levy of the community high school district, dated July 7, 1922, for $7000 for educational purposes and no tax for building purposes, filed with the county clerk July 10, 1922. The parties to the record have also stipulated to the effect that the land of appellee against which the tax was assessed and for which judgment was asked is in Mosquito township, Christian county, and a part of the territory attempted to be detached by the proceedings aforesaid.

In the transcript of the proceedings of the *ex-officio* board of education certified by it as its return to the peti-

tion for writ of *certiorari* and offered by appellee to sustain his objections to the tax, appears a certified copy of the original petition addressed to the *ex-officio* board of education for the detachment of territory from the high school district, dated November 15, 1919. That certified copy shows that the original petition of which it is a copy was signed by 215 men and women, and that they represented and stated to the *ex-officio* board in the petition that they constituted two-thirds of the legal voters of the territory they were petitioning the board to detach from the high school district; that they correctly described in the petition the lands they desired to have so detached, and set forth therein their reasons why the territory should be detached from the high school district and attached to the non-high school district of the county. There also appears in the return a certified copy of the notice given by the *ex-officio* board to the effect that it would on December 22, 1919, at nine o'clock A. M., grant a hearing upon the petition in the county court room in Taylorville, in said county, with proof that such notice was posted at six public places in the school district. The return further shows that a hearing was given on the petition by the *ex-officio* board at the time and place specified in the notice and that the members of the high school board appeared by their attorney and resisted the prayer of the petitioners, who also appeared before the board by their attorney; that the hearing was ended on December 23, 1919, and that on that day the *ex-officio* board delivered a decision by which it found that the petition was signed by two-thirds of the legal voters of the territory or lands to be detached (describing such territory) asking that said territory be detached from the high school district and added to the non-high school territory of Christian county; that after hearing the evidence offered by both parties to the hearing the *ex-officio* board decided that the prayer of the petitioners be granted and that the territory described in the petition be detached from

Community High School District No. 305 and that the same
be assigned to non-high school territory. The certified copy
of the decision of the *ex-officio* board appearing in the re-
turn of that board shows that the finding and decision of
the board were as above stated. The decision of this court
in *Wiswell* v. *Simpson, supra,* also shows the return of the
*ex-officio* board to be in substance and effect as stated by
us in this decision.

Section 1 of the validating act approved June 24, 1921,
(Laws of 1921, p. 828,) in so far as it is material to this
case, provides that, subject to the conditions in section 2 of
the act, all changes of boundaries of townships or com-
munity high school districts whereby territory is detached
from a high school district and added to a non-high school
district are thereby made legal and valid. Section 2 of
the act provides that no such change of boundary as de-
scribed in section 1 is validated unless (1) such change was
made by the county superintendent of schools, the county
judge and the county clerk of the county in which the dis-
tricts affected were situated, acting as an *ex-officio* board;
and (2) prior to the making of such change the change was
petitioned for by a majority of the legal voters at school
elections who resided within the territory detached from a
high school district and added to a non-high school district.
"Legal voters at school elections," means persons entitled to
vote at elections held for the purpose of choosing officers
of schools, as defined by the act.

The validating act was declared constitutional and valid
in *Milstead* v. *Boone,* 301 Ill. 213, and it was also stated
in that case that it was the evident purpose of the legis-
lature by that act to validate the acts of *ex-officio* boards
that had taken place under that portion of section 90 of
the School law which was not held to be unconstitutional
but was destroyed by the invalidity of the other portion of
the section undertaking to give a right of appeal from the

*ex-officio* board to the Superintendent of Public Instruction
and to delegate to that officer the power to affirm or reverse
the decision of the *ex-officio* board, at his discretion. It
was also declared by this court in *Wiswell* v. *Simpson, su-
pra,* that it was the intention of the legislature in passing
the curative act to cure all defective attempts by those act-
ing as an *ex-officio* board to change the boundaries of a
school district where the same was petitioned for as re-
quired by the validating act. There can be no question
about the power of the legislature to make valid the acts
of the *ex-officio* board, subject to the conditions named in
the validating act. This court has frequently held that the
legislature may by a curative act validate any proceeding
which it might have authorized in advance, and there is no
sort of question that the legislature in the first instance
could have legally authorized the *ex-officio* board to de-
tach territory from high school districts under the condi-
tions named in section 90 or under the conditions named
in the validating act. *People* v. *Fifer,* 280 Ill. 506; *People*
v. *Taylor,* 281 id. 355; *People* v. *Roberts,* 284 id. 519.

In *Wiswell* v. *Simpson, supra,* this court in substance
declared that the record of the *ex-officio* board is sufficient
to bring the district within the validating act and that the
lower court did not err in so holding. That case was in-
stituted by the board of education of Community High
School District No. 305 by causing a writ of *certiorari* to
be issued out of the circuit court of Christian county against
the members of the *ex-officio* board to test the sufficiency
of the record of that board to bring it within the terms of
section 90 of the School law and within the terms of the
validating act. The school board is bound by the judgment
in that case, which was affirmed by this court, and, as is
indicated in that decision of this court and as is already
above stated by us in this opinion, the truth and sufficiency
of the record in the *certiorari* proceedings can not be in-
quired into except by *quo warranto,* by the introduction of

evidence showing that the return of the *ex-officio* board was incorrect or untrue in some material parts thereof. The complete record of that judgment has been introduced in this case, including the certified exhibits filed by the *ex-officio* board in their return to the writ of *certiorari,* and upon that proof appellee contends that he has shown that the action of the *ex-officio* board in detaching the territory was validated by the curative act, and that the same was adjudged by the decision of the circuit court, which was affirmed by this court, and we sustain that contention.

The only objection raised by appellant to the introduction of that record and the certified exhibits by appellee was, that they were irrelevant, immaterial and incompetent and that they constituted a collateral attack on the boundaries of the district, which could only be reached by *quo warranto.* There was no merit in these objections and they were properly overruled. The law is well settled in this State that the powers of a school district to levy taxes are limited to the property within the boundaries of the district at the time of the levy, and any attempt to levy a tax on property in territory detached from such district is illegal. (*School Directors* v. *School Directors,* 135 Ill. 464.) The defense that the property sought to be taxed was not within the corporate limits of the school district could be made by objections to the application of the county collector for judgment and sale for delinquent taxes and was properly made in this case. (*People* v. *Ellis,* 253 Ill. 369.) We may further say that it was not the judgment of the court in the *certiorari* proceedings that detached the territory in question from the school district but it was the action of the *ex-officio* board validated by the curative act that detached the property, and the court merely declared that according to the return made by the *ex-officio* board it had complied with all the terms of the validating act to detach the territory or to have its act in detaching the same validated by the curative act.

328—20

The objection of appellant that the map of the district showing the territory detached was not filed until May 18, 1922, was also properly overruled. It was not the duty of appellee to file this map, and the act of detaching the territory never became effective so as to make it the duty of the *ex-officio* board to file this map until after the validating act was passed and was declared effective by the judgment of the court. *People* v. *Ellis, supra; School Directors* v. *School Directors, supra.*

In rebuttal of the aforesaid evidence appellant introduced the complete record of a proceeding in *quo warranto,* including the final judgment of the circuit court of said county. It appears that the petition for leave to file the information, and the information, were filed by the State's attorney of the county on the relation of L. J. Long, appellee in this case, and 130 other persons claiming to be residents and tax-payers of that part of the town of Mosquito which the community high school district claims as a part of its territory, and that the information in three counts was filed against J. M. Wiswell, J. A. Barnes, L. C. Armstrong, Charles M. Watts and J. W. Augur,—the same individuals who as members of the high school district caused the *certiorari* proceedings against the *ex-officio* board to be instituted. The first two counts in the usual form charged that respondents, Wiswell and others, unlawfully held and executed, without warrant, the offices of members of the board of education of the high school district and the privileges and franchises of the district, and that they have usurped and still do usurp the same, etc. There is a lengthy stipulation by the parties to this suit as to the pleadings and their effect in the *quo warranto* suit, and there was finally filed an additional count to the information, and a further stipulation that the purpose of the information is to oust the members of the board of education of the high school district, and the high school district, from any and all authority and control over the territory in Mosquito town-

ship, and to present to the court for its determination the question of the sufficiency of the detachment proceedings had before the *ex-officio* board. Respondents at all times reserved the right to insist that the court had no jurisdiction to hear and determine the questions in the *quo warranto* proceedings. On final hearing the judgment of the circuit court was entered, to the effect that the writ issued in the *quo warranto* proceedings be and is quashed and that respondents were not guilty and that they recover of and from petitioners their costs, etc. No appeal was perfected by the relators and no writ of error was ever sued out by them for a review of the record.

It is insisted very strenuously by the appellant that the judgment in the *quo warranto* proceedings operates as a complete estoppel by judgment to any further questioning of the jurisdiction of the school district over the land of the defendant by Long and his associates, who were relators in that proceeding. This contention cannot be sustained. The rule is well established in this State that if the information in *quo warranto* be for usurping a franchise by a corporation it should be against the corporation, but if the information be for usurping the franchise to be a corporation it should be against the particular persons guilty of usurpation. The corporation, the school district, was not made a party to the *quo warranto* proceedings. Its existence as a corporation is not denied, but the charge is that as a corporation it has exceeded its authority in assuming control over the territory in question. The circuit court in the *quo warranto* proceedings had no jurisdiction, as was claimed by respondents in that case, to determine the question of the sufficiency of the detachment proceedings before the *ex-officio* board, for the reason that the district was not a party to the proceedings. Therefore the judgment could not have been otherwise than that the writ be quashed, and the further finding of the court that respondents, the individual persons aforesaid, were not guilty has

no significance whatever with reference to the question whether or not the detachment proceedings were valid or invalid. This court has considered fully the questions here involved in the cases of *People* v. *City of Peoria,* 166 Ill. 517, and *People* v. *City of Spring Valley,* 129 id. 169, and the holdings in those cases are to the effect that where it is sought by *quo warranto* to oust a corporation from its authority over territory alleged not to be a part of the corporate territory the proceeding must be against the corporation, and that in such cases, where it is alleged that there is no legal corporation in existence, proceedings must be against the individuals for usurping the franchise to be a corporation or to act as officers of the corporation.

Appellant also introduced other evidence on the trial of this case, facts which are claimed to work an estoppel against appellee, as follows: (1) That a judgment was obtained against him in the county court for taxes in 1920 which was affirmed by this court in *People* v. *Long,* 297 Ill. 194, in December, 1920; (2) that appellee was a candidate for election to the school board in 1920; (3) that he voted at elections of some character in the district in October and November, 1921; and (4) that he paid in 1921 taxes levied against his property in July, 1920, and in the spring of 1922 paid taxes levied thereon in July, 1921. It is very evident that none of the foregoing matters estopped appellee from making his claim in this case that his property was not subject to the taxes in question. The validating act was not passed and approved until June, 1921, and it was by this act that the detachment proceedings by the *ex-officio* board were validated. The detachment proceedings were void until the curative act was passed and were only made valid on the condition named in the curative act. It was not determined by the circuit court that the record in the detachment proceedings was validated by the curative act until January 18, 1923.

Appellant has introduced other evidence in this case tending to impeach the truth of the return of the *ex-officio* board in the *certiorari* proceeding. We have already indicated that such evidence was not competent and that the truth of the return from the *ex-officio* board can only be questioned in a *quo warranto* proceeding where the school district is a party. A *quo warranto* proceeding can only be effective as a bar to the *certiorari* proceeding when it is shown in the *quo warranto* proceeding that the return in the *certiorari* proceeding is untrue in material parts thereof. *People* v. *Gary,* 196 Ill. 310.

The judgment of the county court is affirmed.

*Judgment affirmed.*