(No. 19505.—

THE PATTERSON PURE FOOD PIE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(KATIE BABICZ, Defendant in Error.)

*Opinion filed June 19, 1929.*

GEORGE A. SCHNEIDER, for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Katie Babicz, defendant in error, on June 25, 1927, while employed by the Patterson Pure Food Pie Company, plaintiff in error, sustained an accidental injury arising out of and in the course of her employment. Her average weekly wage was $18. She was the mother of four children under sixteen years of age. She was paid compensation by plaintiff in error at the rate of $11.70 a week. She filed with the Industrial Commission an application for adjustment of her claim for compensation. The arbitrator found that she was entitled to receive compensation at the rate of $14 a week for 11 weeks for total incapacity for work, and to further compensation at the rate of $14 a week for 107¼ weeks for sixty-five per cent loss of the use of her left hand. The award was confirmed by the Industrial Commission and by the circuit court of Cook county on *certiorari* proceedings. This court allowed a writ of error.

The sole contention of plaintiff in error is that compensation should have been awarded at the rate of $11.70 a week, which is sixty-five per cent of the average weekly wage of the employee, and that the court erred in allowing compensation at the rate of $14 a week. Whether or not this contention should be sustained depends upon the proper construction of section 8 of the Workmen's Compensation act, under which the award was entered, and which provides the amount of compensation that shall be paid to an employee for injuries not resulting in death.

The provisions of paragraph (b) of section 8 that are material to this inquiry are, in substance, that compensation equal to fifty percentum of the earnings, but not less than $7.50 nor more than $14 a week, shall be allowed in case the temporary total incapacity for work continues for a period of four weeks from the day of the injury, and that such compensation shall commence on the day after the injury. Paragraph (e) of said section, including No. 12 of the schedule under that paragraph, provides as follows:

"(e) For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, compensation, for a further period, subject to the limitations as to time and amounts fixed in paragraphs (b) and (h) of this section, for the specific loss herein mentioned, * * * but shall not receive any compensation for such injuries under any other provisions of this act."

"12. For the loss of a hand, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during one hundred and sixty-five weeks."

Paragraph (j) of section 8 reads as follows:

"1. Wherever in this section there is a provision for fifty percentum, such percentum shall be increased five percentum for each child of the employee, including children

who have been legally adopted, under sixteen years of age at the time of the injury to the employee until such per-centum shall reach a maximum of sixty-five percentum.

"2. Wherever in this section a weekly minimum of $7.50 is provided, such minimum shall be increased in the following cases to the following amounts: $11 in case of an employee having one child under the age of sixteen years at the time of the injury to the employee; $12 in case of an employee having two children under the age of sixteen years at the time of the injury to the employee; $13 in case of an employee having three children under the age of sixteen years at the time of the injury to the em-ployee; $14 in case of an employee having four or more children under the age of sixteen years at the time of the injury to the employee.

"3. Wherever in this section a weekly maximum of $14 is provided, such maximum shall be increased in the fol-lowing cases to the following amounts: $15 in case of an employee with one child under the age of sixteen years at the time of the injury to the employee; $16 in case of an employee with two children under the age of sixteen years at the time of the injury to the employee; $18 in case of an employee with three children under the age of sixteen years at the time of the injury to the employee; $19 in case of an employee with four or more children under the age of sixteen years at the time of the injury to the employee."

Paragraph (h) of section 8 provides that in no event shall the compensation to be paid exceed fifty percentum of the average weekly wage or exceed $14 a week in amount, etc. This paragraph is not particularly pertinent to this inquiry, but when in any case its other provisions are per-tinent to the questions involved, it is one of the paragraphs of said section in which the percentum of the average weekly wage is increased by the provisions of paragraph (j) 1 in

all cases where the employee has a child or children, including children legally adopted, under sixteen years of age at the time of the injury to the employee. Paragraph (*a*) of said section is not in any way pertinent to the inquiry in the case now before us. The various paragraphs aforesaid will be found in section 8 as amended and approved in May, 1925, (Laws of 1925, pp. 378-382,) and which are treated by the parties to this suit as applicable.

The contention of plaintiff in error is, that since fifty per cent of the average weekly wage of defendant in error exceeds the minimum weekly payment of $7.50 provided by the act, she is only entitled to payments at the rate of sixty-five per cent of her weekly wage under paragraph (*j*) 1 of section 8; that even though she has four children under sixteen years of age, the minimum of $14 a week provided for in paragraph (*j*) 2 of said section is not applicable to this case, because her average weekly wage was sufficiently large that fifty per cent thereof exceeds the minimum of $7.50. In other words, according to the contention of plaintiff in error this is not a case where the minimum of $7.50 is provided to apply, and therefore the provisions of paragraph (*j*) 2 increasing that minimum do not apply, and the amount of the weekly payments to defendant in error under the provisions of paragraph (*j*) 1 of said section should not be more than sixty-five per cent of her weekly wage.

It is conceded by plaintiff in error that if the average weekly wage of defendant in error had been $15 or less, so that the minimum of $7.50 mentioned in paragraph (*b*) of section 8 would apply to this case, then, since she has four children under sixteen years of age, compensation should be paid her at the rate of $14 a week under the provisions of paragraph (*j*) 2.

In construing a statute the primary purpose is to ascertain the intention of the legislature, and while such intention must be gathered from the words used, it is proper

to consider the purpose of the enactment and the object to be accomplished. To find the intent the act as a whole will be considered. If absurd consequences result from a particular construction of a statute, that construction will be avoided if the statute will reasonably permit of a different construction. (*People* v. *Brundage,* 296 Ill. 197; *City of Chicago* v. *Mayer,* 290 id. 142; *Hoyne* v. *Danisch,* 264 id. 467.) It is also a rule of construction that the positive requirements of a statute in any section or paragraph of it will not be disregarded, but will be enforced unless a reasonable construction of the whole act or section under consideration requires the construction to be otherwise.

When all the provisions of section 8 of the Workmen's Compensation act are considered, it is manifest that the intention of the legislature as therein expressed was that an employee thereunder should be compensated for an accidental injury and that the amount of compensation for any such injury should be based upon the weekly wage of the employee, and that, within certain minimum and maximum limits, the injured employee drawing the larger wages should receive as much, or more, compensation than an employee receiving smaller wages at the time of his injury. There are no provisions in any paragraph of said section that sustain the anomalous contention of plaintiff in error in this case that defendant in error would be entitled to recover compensation for her accidental injury at the rate of $14 a week if she were only receiving an average wage of $15 a week, but is only entitled to recover compensation at the rate of $11.70 because she has proved that her average wage was $18 a week when she received such injury. Such a construction by plaintiff in error arises from a misconception and misapplication of the three provisions of paragraph (*j*) of said section above quoted, which we will designate as sub-paragraphs (*j*) 1, (*j*) 2 and (*j*) 3.

The controlling facts proved in this case that fix the compensation to which defendant in error is entitled are,

that at the time of her injury she was receiving an average wage of $18 a week and that she had four children under sixteen years of age. If she had had no children under sixteen years of age the provisions of paragraph (*j*) would have had no application in determining her compensation, but the fact that she has four such children requires the application of all of the provisions of paragraph (*j*) and not simply the application of one of them, (sub-paragraph (*j*) 1,) as is contended by plaintiff in error.

The provisions of paragraphs (*b*) and (*e*) of section 8, and schedule No. 12 under paragraph (*e*), cannot be resorted to to determine the compensation of defendant in error until they are modified by the positive provisions of paragraph (*j*) of section 8. If paragraph (*b*) of section 8 be modified, as required by the provisions of paragraph (*j*) of said section, so as to fit a case where the facts are that the injured employee has four or more children under the age of sixteen years, it would read, in substance, as follows: That compensation equal to sixty-five percentum of the earnings, but not less than $14 nor more than $19 a week, shall be allowed in case the temporary total incapacity for work continues for a period of four weeks from the day of the injury, in all cases where the employee has four or more children under the age of sixteen years, and that such compensation shall commence on the day after the injury. This is so because the positive provisions of (*j*) 1 require that wherever in section 8 there is a provision for fifty percentum, such percentum shall be increased five percentum for each child of the employee, including children who have been legally adopted, under sixteen years of age at the time of the injury of the employee, until such percentum shall reach the maximum, which is sixty-five percentum. Under the provisions of (*j*) 2, wherever in section 8 a weekly minimum of $7.50 is provided, such minimum shall be increased to $14 in case of an employee having four or more children under the age of sixteen years

at the time of the injury to the employee. Under the provisions of (*j*) 3, wherever in section 8 a weekly maximum of $14 is provided, such maximum shall be increased to $19 in case of an employee with four or more children under the age of sixteen years at the time of the injury to the employee. It will be observed that the provisions of (*j*) 2 and (*j*) 3 are just as positive to the effect that the minimum and maximum rates are to be raised as aforesaid as are the provisions of (*j*) 1 that the percentum shall be raised or increased.

Paragraph (*e*) of section 8, and schedule No. 12 under that paragraph, if modified by the provisions of paragraph (*j*) 1 so as to fit a case wherein the injured employee has four or more children under sixteen years of age at the time of the injury, would read exactly as they now read, except that schedule No. 12 would be changed to read substantially as follows: For the loss of a hand, or the permanent and complete loss of its use, in a case where the employee has four or more children under sixteen years of age, sixty-five percentum of the average weekly wage during 165 weeks.

The compensation of any employee who has been injured and who has four or more children, including legally adopted children, and who is entitled to recover under paragraphs (*b*) and (*e*) and schedule No. 12 under paragraph (*e*), as modified by the provisions of paragraph (*j*), can as readily and as accurately be determined, no matter what his weekly wage may be, as could the compensation of an employee who had no children under sixteen years of age or legally adopted children, whose compensation would be determined under the provisions of paragraphs (*b*) and (*e*) without any modifications of the provisions under paragraph (*j*) of section 8. Defendant in error's compensation should not be $11.70 a week, as contended by plaintiff in error, which is sixty-five per cent of her weekly wage, but should be $14 a week, as found by the arbitrator and con-

firmed by the Industrial Commission and the circuit court, as under the provisions of sub-paragraph $(j)$ 2 her compensation cannot be less than the minimum of $14 a week, she having four children under sixteen years of age. The provision of $(j)$ 1 could not be applied until sixty-five per cent of her weekly wages amounted to more than $14, and her compensation would not be more than $14 a week unless sixty-five per cent of her weekly wage amounted to more than $14 and less than $19. If her weekly wages were large enough that sixty-five per cent thereof amounted to more than $19, then her compensation would be fixed at $19 a week under the provisions of paragraph $(j)$3, as the maximum compensation that may be allowed her under the provisions of that sub-paragraph is $19 a week.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*