(No. 34213.—

THE PEOPLE *ex rel.* Edwin Nordstrom, County Collector, Appellee, *vs.* MAURICE E. BARRY *et al.,* Appellants.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

Davis, J., dissenting.

Brian & Wilson, of Toulon, for appellants.

Calhoun W. J. Phelps, of Princeton, for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Certain 1954 school tax objections of appellants were overruled by the county court of Bureau County. The objectors are among the residents of a 2¾ sections area of land which was a part of Buda Community High School District No. 506. On October 26, 1953, pursuant to petition, notice and hearing, the county board of school trustees of Stark County ordered this land detached from the Buda district and annexed to another district. November 30, 1953, this administrative order was appealed to the circuit court of Stark County which affirmed the administrative order March 4, 1955. An appeal from the circuit court order was properly effected but later dismissed June 14, 1955, due to lack of prosecution. In 1954 a $210,000 building bond issue was voted and approved, bonds were issued and taxes levied for their payment by the Buda dis-

trict. The usual educational and building taxes were also levied in 1954 by the Buda district. Objectors contend they were not subject to these taxes by reason of the detachment order entered in 1953, urging that they were not a part of the Buda district in 1954.

It is true that the Buda district would have no power to tax the lands or property not within its boundaries. (*People ex rel. Shrout* v. *Long*, 328 Ill. 297.) The issue involved is whether the appeal of the administrative order of detachment had the effect of maintaining the original *status quo* of the Buda district until the matter reached final disposition. Section 4B—5 of the Illinois School Code (Ill. Rev. Stat. 1953, chap. 122, par. 4B—5) provided, *inter alia,* that "The commencement of any action for review shall operate as a supersedeas, and no further proceedings shall be had until final disposition of such review."

Our examination of the cases, cited by objectors, concerning the rules of law governing the effect of a *supersedeas* on judgments that are self-executing and otherwise, reveals that they lend no support to the contentions of objectors. The cited cases are generally distinguishable from the particular point in question. This court declared in *People ex rel. McDonnell* v. *Thompson*, 316 Ill. 11, at page 15, "The law is, in the *absence of a special statute to the contrary,* that an appeal or *supersedeas* bond or writ of error will not operate to suspend such a judgment." (Emphasis supplied.) Assuming, without deciding, that this is the rule today, we are of the opinion that the legislature in cases of administrative review of school matters did provide such a special statute. It evidently had a purpose in mind in employing the particular language to the effect that no further proceedings should be had until final disposition of the review. It is quite understandable that the legislature would deem it desirable to maintain the original *status quo* of the school districts of this State when territorial and boundary questions arose for the purpose of

giving stability and certainty to these matters instead of confusion and uncertainty where public education and public funds are concerned. Were it otherwise an annexing district might levy a tax right after an administrative order of detachment. Upon administrative review, shortly thereafter, the circuit court might reverse the detachment order and thereupon the original district would levy its tax. Upon subsequent review in the higher courts the difficulty and confusion becomes obvious. Courts are bound to presume that absurd consequences were not contemplated by the legislature, and a construction should be adopted which it is reasonable to presume was contemplated. *Burns* v. *Industrial Com.* 356 Ill. 602; *Patterson Pure Food Pie Co.* v. *Industrial Com.* 335 Ill. 476; *Louisville and Nashville Railroad Co.* v. *Industrial Board,* 282 Ill. 136; *Zelkovich* v. *Industrial Com.* 8 Ill.2d 146.

We conclude that the original *status quo* of the Buda district was maintained until the final disposition of the review in accordance with the provisions of the statute discussed and that the county court correctly overruled the tax objections. Accordingly, the judgment of the county court of Bureau County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DAVIS, dissenting:

I dissent from the opinion of the majority in this case and believe that the objectors' land was detached from the Buda Community High School District No. 506, on October 26, 1953, by the order of the county board of school trustees of Stark County.

"The rule of law is, that where any official body or tribunal, such as a city council, is given authority to hear and determine any question, its determination is, in effect, a judgment having all the properties of a judgment pronounced by a legally created court of limited jurisdiction." (*People* v. *Ellis,* 253 Ill. 369, 374.) Section 4B—5 of the

School Code provides that the decision of the county board of school trustees shall be deemed, " 'an administrative decision,' as defined in section 1 of the 'Administrative Review Act.' " (Ill. Rev. Stat. 1953, chap. 122, par. 4B—5; Ill. Rev. Stat. 1953, chap. 110, par. 264.) A valid administrative judgment has the same force and finality as a judicial judgment. *People* v. *Ellis,* 253 Ill. 369.

It was the order of the administrative agency, rather than that of the court on review which operated to detach the territory in question. This court has consistently held that the location and alteration of school district boundaries are not judicial, but rather are legislative or ministerial functions. (*People ex rel. Dolan* v. *Dusher,* 411 Ill. 535; *Board of Education of Waverly Community Unit School Dist.* v. *Nickell,* 410 Ill. 98.) The county board of school trustees was performing a legislative or ministerial function in detaching the territory from the school district. The courts in reviewing this action were performing a judicial function subject to the provisions of the Administrative Review Act. Ill. Rev. Stat. 1953, chap. 110, pars. 264-279, incl.; *People ex rel. Dolan* v. *Dusher,* 411 Ill. 535, 540.

The power of a school district to levy taxes is limited to property within its boundaries at the time of the levy, and any attempt to levy a tax on property detached from the district is illegal. (*People* v. *Long,* 328 Ill. 297, 305.) If section 4B—5 is to be construed to permit the levy of taxes on the detached property, it violates the provisions of section 9 of article IX of the Illinois constitution. A statute should, if possible, be given a construction consistent with its constitutionality.

It is true that section 4B—5 provides that "the commencement of any action for review shall operate as a supersedeas, and no further proceedings shall be had until final disposition of such review." A *supersedeas* terminates the authority of the subordinate court or administrative body to take any action in the proceeding in which the

judgment or order was entered; it operates against the enforcement of a judgment and not against the judgment itself. It does not vacate or suspend the judgment and place the parties in a position of *status quo* prior to the judgment or order. Its purpose is accomplished by leaving the judgment in full force and staying all future proceedings to enforce the judgment. (*Gumberts* v. *East Oak Street Hotel Co.* 404 Ill. 386, 389; *People* v. *Thompson,* 316 Ill. 11, 15; 3 Am. Jur., Appeal and Error, par. 543.) Thus, this statutory provision leaves the order of the county board of school trustees in full force and effect, and preserves the *status quo* as it existed after, not before, the entry of this order, but no further proceedings should be had under the order pending the termination of the appeal.

The majority opinion renders the order of the county board of school trustees a nullity upon the commencement of any action for its review, and grounds such result on section 4B—5. Under this decision, the order which is the basis of the jurisdiction of the reviewing court becomes a nullity, *ipse dixit,* by legislative enactment, upon the commencement of action for its review. Yet this proceeding, restored to the *status quo* as it existed prior to the entry of final order, is reviewed under the Administrative Review Act. (Ill. Rev. Stat. 1955, chap. 110, pars. 264-279.) Under article 4B—4 of the School Code the Administrative Review Act and prior decisions of this court, a *supersedeas,* contrary to the concept of the majority, cannot maintain the *status quo* prior to the entry of an order or judgment.

Article 4B of the School Code is entitled "Creation of new districts and change of boundaries of existing districts." It makes no reference and has no relation to the levy and collection of taxes. I have considered article 4B of the School Code and particularly sections 4B—4 and 4B—5 in their entirety; and I believe that the legislature by the enactment of the foregoing clause of section 4B—5 had reference to further annexation and detachment pro-

ceedings which are the subject matter of article 4, rather than to tax proceedings which are not mentioned or referred to therein.

I would sustain the tax objections and reverse the county court.