20 Ill. App.2d 266 (1959)
156 N.E.2d 6
North Gallatin Unit School District No. 1 in County of Gallatin and State of Illinois, Horace Pritchett et al., Plaintiffs,
v.
Joe E. Wright, County Treasurer and Ex Officio County Collector of Taxes in and for County of Gallatin and State of Illinois, and Unit School District No. 3 of Counties of White, Hamilton and Gallatin, in State of Illinois, Defendants.
Term No. 58-O-13.
Illinois Appellate Court  Fourth District.
January 31, 1959.
Released for publication February 18, 1959.
*267 Bartley, Karber & Hale, of Shawneetown, for plaintiffs-appellants.
Pyle & McCallister, of Carmi, for Community Unit School District No. 3, defendant-appellee.
PRESIDING JUSTICE BARDENS delivered the opinion of the court.
This is an appeal by plaintiff school district from an order of the Circuit Court of Gallatin County dismissing their complaint for an injunction. The action was directed against the County Collector of Gallatin County to restrain him from collecting defendant school district's tax levy on real estate allegedly within the boundaries of plaintiff school district. The question of which school district lawfully includes the disputed territory (several hundred acres) has been contested since 1953. The answer to such question will dispose of the issues in this case.
The territory involved was originally a non-high-school district. With the enactment in 1953 of legislation providing for the elimination of all non-high territory, the territory became the object of conflicting action by the County Boards of School Trustees of White and Gallatin Counties. In August, 1953, on its own motion, the Gallatin County Board of School Trustees put the territory in a district which ultimately became part of plaintiff district; three days earlier, however, the White County Board of School Trustees, acting jointly on a petition with a majority of the school directors of the non-high territory, acted to put the territory in defendant school district. This latter action was appealed to the Supreme Court, while the Gallatin County Board's action was held in abeyance, *268 and was resolved in March, 1955, in favor of defendant district in Pritchett v. County Board of School Trustees of White County, 5 Ill.2d 356, 125 N.E.2d 476. The Gallatin County Board's action was then nullified and terminated.
In the meantime, in July, 1954, however, the Gallatin County Board, acting on a petition of a majority of the residents in the affected territory, ordered its annexation to plaintiff district. This action was affirmed by the Circuit Court on administrative review and appeal therefrom was dismissed by this court in May, 1956, on the ground that there had been a failure to bring in necessary parties on the appeal. This suit for an injunction followed shortly and resulted ultimately, after full hearing, in the dismissal of an original temporary injunction.
We are satisfied from an examination of the decisions respecting the validity of school district annexation that the Gallatin County Board action taken in July, 1954, standing alone, was a nullity because (1) a petition including the same territory was then pending and (2) an action to review an order of a county board of school trustees operates as a supersedeas under the express provisions of the School Code and the Administrative Review Act. People ex rel. Simpson v. Funkhauser, 385 Ill. 396, 52 N.E.2d 1014; People ex rel. Mills v. Fairfield School Dist. No. 225, 397 Ill. 233, 73 N.E.2d 292; People ex rel. Nordstrom v. Barry, 11 Ill.2d 259, 142 N.E.2d 33; Chapter 122, Sec. 48-5, Ill. Rev. Stat. (1953). However, such view does not dispose of the case, for we must likewise consider the effect of Section 4B-28 of Chapter 122, Ill. Rev. Stat. (1957), commonly known as the validating act, on the Gallatin County order. This section, effective July 6, 1957, provided that in all cases where territory had been annexed to any school district by a County Board of School Trustees on or before January 1, 1955, and if *269 the board which made the annexation had at the time it entered the order been granted jurisdiction of the subject matter by statute, and if on the effective date of the section no appeal or review from such action was pending or it had not been reversed, then the annexation was declared legal and valid from and after the effective date of the act the same as though the annexation had been by direct legislative enactment.
It is clear that the statutory prerequisites to the application of the provision apply to the Gallatin County Board of School Trustees' Action: (1) The order was originally entered in October, 1954; (2) Sec. 4B-2 gave the board jurisdiction of this type of proceeding; (3) The action had not been reversed on review and the appeal therefrom had been dismissed prior to July 7, 1957. Further, we are not persuaded that the instant action is such a review or appeal as was designed by the Legislature to abate the application of the statute. But the issue remains whether or not this section is sufficient to breathe life into proceedings which would otherwise be a nullity. The answer to this question depends upon the nature of the proceeding which the Legislature is attempting to validate. As stated in People ex rel. Douherty, et al. v. City of Rock Island, 271 Ill. 412, 111 N.E. 291:
"The power of the Legislature by curative or remedial acts, to validate illegal or void proceedings of municipal corporations is well established by the authorities ... The only limitation upon the power of the Legislature in this respect seems to be that the act ratified and confirmed must be one which it was lawful for the Legislature to authorize in the first instance, and the power be so exercised as not to infringe or divest property rights and vested rights of persons which are secure against such Legislative action."
See also People ex rel. Board of Education No. 305 v. Board of Education of Non-High School Dist. No. *270 400, 330 Ill. 522, 162 N.E. 150. We think the law is clear that what the Legislature might lawfully have done in the first instance it may lawfully accomplish by a validating act. Here there is no doubt but that the Legislature might have accomplished the transfer by direct legislative enactment or might have given priority to a petition by residents of the territory no matter when filed for the power of the Legislature over the school facilities in the state is all inclusive. People v. Deatherage, 401 Ill. 25, 81 N.E.2d 581; People ex rel. Dixon v. Community Unit School District, 2 Ill.2d 454, 118 N.E.2d 241. Therefore it must be concluded here that the validating act imparted validity to the Gallatin County Board order even though a direct appeal from such action would have resulted in finding the transfer void in spite of the validating act.
The decree of the lower court, entered May 27, 1958, denying the motion to vacate the previous decree is reversed and cause is remanded with directions to allow said motion to vacate decree and to take further proceedings consistent with this opinion.
Reversed and remanded with directions.
CULBERTSON and SCHEINEMAN, JJ., concur.