(No. 11256.—Judgment affirmed.)

THE PEOPLE ex rel. School Directors, Plaintiffs in Error,
vs. HOMER BUSKIRK et al. Defendants in Error.

*Opinion filed June 21, 1917.*

1. SCHOOLS—*how fact that petition to organize district had suf-
ficient signers may be prima facie proven.* Where there is no of-
cial list of voters in a proposed new school district, the fact that
the petition to organize the district had sufficient signers may be
*prima facie* established by the uncontradicted testimony of the per-
son who took a school census and made an unofficial list of voters.

2. SAME—*action of county superintendent in deciding question
of organization of a new school district is administrative.* The
county superintendent of schools is authorized to decide finally on
the question of the organization of a new school district, but his
action in such case is administrative and not judicial, and on ap-
peal from the decision of the boards of trustees the fact that he
announced at the hearing that he intended to grant the prayer of
the petition for the new district will not render his subsequent
order to that effect illegal.

WRIT OF ERROR to the Circuit Court of Vermilion
county; the Hon. AUGUSTUS A. PARTLOW, Judge, presid-
ing.

JOHN H. LEWMAN, State's Attorney, and RALPH B.
HOLMES, for plaintiffs in error.

O. M. JONES, and A. R. HALL, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The circuit court of Vermilion county dismissed an in-
formation filed in the name of the People, on the relation
of the school directors of district No. 161, in Vermilion
county, calling upon the defendants in error, Homer Bus-
kirk, Achilles Lete, John Possolt, William Moyer, Aaron
Dudley and A. A. Hissong, to answer by what warrant they
assumed to act as the board of education of district No. 154,

in that county, alleged to have no legal existence. The writ of error in this case was sued out to review the judgment.

In the information, matters which the defendants were required to answer were limited to three, and it was stated that the defendants need not by their plea answer the allegations of the information except as to the following charges: First, that the petition for the formation of the school district was not signed by two-thirds of all the legal voters residing within the proposed new district; second, that the county superintendent of schools, who made the order organizing the district on appeal from four boards of school trustees, had no authority to act, for the reason that the transcript of the proceedings of one board of trustees had not been transmitted to and filed with him at the time the order was made; third, that the county superintendent of schools had no authority to entertain or act on the appeal for the reason that he had expressed an opinion that he would grant the petition and acted on the same after objection in writing had been made to his hearing the appeal. The defendants answered the three charges by denying the first two, and as to the third alleging that the county superintendent of schools was the only person authorized by statute to hear the appeal.

It appears that the mining town of Westville had increased in population to such an extent that it became necessary to enlarge the school district by taking in territory from two or more outside school districts for the support of a school, and the plan was objectionable to owners of property proposed to be taken in. A witness who took a school census of the new district when there had been but little change in the population since the petition had been filed, testified that in making that census he also made a poll of the legal voters of the territory and that there were 1617 legal voters and 1207 signers of the petition. He did not see each voter personally but frequently obtained his information from the wife or husband. On cross-examination

he was asked as to fifteen persons whose names were on the petition, and testified that he did not know that they were legal voters except from what they said. There had been no election and no official list and there is no provision of the School law for a poll or enumeration of the legal voters of a school district, so that the poll offered was not an official census, but the testimony was sufficient *prima facie* to establish the fact that the petition was signed by more than two-thirds of the legal voters residing within the territory of the proposed new district, and there was no testimony to the contrary. It was not to be expected that the witness would know of his own knowledge the legal qualifications of all the voters, and he necessarily acted upon such information as was obtainable.

Two of the boards of school trustees refused to grant the prayer of the petition and two made orders granting it. On appeal to the county superintendent of schools there was a hearing on April 25, 1916, at which the parties interested were heard. At that time transcripts of the proceedings of three of the boards had been filed with the county superintendent, but the transcript of one board which had refused to grant the prayer of the petition had not been filed but was filed on April 27, 1916. No objection appears to have been made at the hearing on the appeal, and the county superintendent at that time announced that he would grant the prayer of the petition. His order recited that on April 25, 1916, the matter came on to be heard on appeals from the decisions of the four boards of trustees, but he testified that his order was not made until April 29, and on that date it was filed in the office of the township treasurer. The jurisdiction of the county superintendent to decide the appeal was complete when the decision was actually made, although he had announced before that date what it would be. The county superintendent of schools did not act in a judicial capacity and was not exercising judicial power but his action was administrative and in line with the duties

with which he was charged, to see to it that suitable means were taken for the education of the children within the county. He was the only one authorized to decide finally on the question of the organization of the district, and his order was not illegal merely because he had advised the creation of the new district and intended to decide in favor of it.

The evidence and the law sustained the plea of the defendants, and the judgment is affirmed.

*Judgment affirmed.*