(No. 14279.—Decree affirmed.)
J. W. MILSTEAD *et al.* Appellants, *vs.* H. B. BOONE *et al.* Appellees.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. STATUTES—*what determines whether statute delegates legislative power.* A statute is unconstitutional as delegating legislative power when it attempts to delegate to an officer the power to say what the law shall be, but the legislature may authorize others to do those things which it might do but which it would be impracticable to do itself.

2. SCHOOLS—*changing boundaries of district under section 90 of School law is not exercise of legislative or judicial power.* A decision of the county superintendent, county judge and county clerk, as an *ex-officio* board acting under section 90 of the School law on a petition to change the boundaries of a high school district, is not an exercise of legislative or judicial power by such board, as the board by said section was given power only to grant or deny the particular petition before it.

3. SAME—*the act of June 24, 1921, validating changes of school boundaries by ex-officio board, is valid.* The act of June 24, 1921, validating changes in the boundaries of high school districts by *ex-officio* boards acting on petitions under section 90 of the School law, is not unconstitutional, as the legislature could in the first instance have given said boards such authority independently of the invalid provision of said section giving legislative authority to the State Superintendent on appeal.

APPEAL from the Circuit Court of Cass county; the Hon. FRED C. WOLFE, Judge, presiding.

A. A. LEEPER, for appellants.

A. T. LUCAS, and J. J. NEIGER, for appellees.

STEVENS & HERNDON, for the Board of Education of Community High School District No. 191.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellants seek to enjoin the collection of taxes levied by the Chandlerville Community High School District No. 62 and extended against their property included within the territory annexed to said high school district under section 90 of the School law. The circuit court dismissed their bill for want of equity, on the ground that an act had been passed on June 24, 1921, and in force on the same day, validating the changes made by *ex-officio* boards, and the contention here is that such validating act is unconstitutional, for the reason that the act of the board which it sought to validate was performed in pursuance of the powers conferred by said section 90, which section was held to be unconstitutional.

Section 90 provided that upon petition as therein designated, the county superintendent of schools, county judge and county clerk, acting as an *ex-officio* board, may in its discretion, and in accordance with a petition filed with such board, change the boundaries of any township or community high school district in one of the specified ways set out in

that section. It also provided for an appeal to the Superintendent of Public Instruction, who was given authority to change the boundaries of school districts without regard to the petition but in accordance with his own judgment as to what would be necessary to the end that justice may be done. This last provision was before this court in *Jackson* v. *Blair,* 298 Ill. 605, where it was held to be unconstitutional. It was there held, also, that the balance of the section was so related that it could not be said that the legislature would have passed it without the invalid part, and that the entire section fell.

The contention is that the validating act is unconstitutional, and is based upon the argument that the power conferred upon the *ex-officio* board is legislative and one which cannot be delegated. An act of the legislature is open to this objection when it attempts to delegate to another officer or body the power to say what the law shall be. (*Kenyon* v. *Moore,* 287 Ill. 233; *Sheldon* v. *Hoyne,* 261 id. 222.) Laws must be complete when they leave the legislature,—as to what the law is,—leaving their execution to be performed by others. "The true distinction is between a delegation of power to make the law, which involves discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made." (Sutherland on Stat. Const. sec. 68.) While the legislature may not delegate its function to make the laws, it may authorize others to do those things which it might do but which it would be impracticable to do itself. *People* v. *Reynolds,* 5 Gilm. 1; *City of Chicago* v. *Washingtonian Home,* 289 id. 206.

That portion of section 90 of the School law referring to the *ex-officio* board (Laws of 1917, p. 739,) was as follows:

"Sec. 90. An *ex-officio* board composed of the county superintendent of schools, the county judge and county

clerk, may in its discretion change the boundaries of any township or community high school districts so as

"*First*—To detach territory from one high school district and add the same to another high school district when petitioned by two-thirds of the legal voters residing within the territory described in the petition asking that said territory be detached from one high school district and added to an adjacent high school district, or when petitioned by a majority of the legal voters of each high school district.

"*Second*—To create a community high school district from territory belonging to one or more high school districts when petitioned by two-thirds of the legal voters residing within the territory described in the petition asking that such territory be created into a new community high school district.

"*Third*—To detach territory from a high school district and add the same to a non-high-school district when petitioned by two-thirds of the legal voters residing within such territory.

"*Fourth*—To annex territory not within a high school district to a high school district upon petition of two-thirds of the legal voters residing within such territory.

"*Fifth*—To create a community high school district from territory belonging to one or more high school districts, together with territory from a non-high-school district when petitioned by a majority of the legal voters residing within each of respective districts and non-high-school territory above described.

"If the districts involved in the change of boundaries lie in two or more counties, the change may be made by the concurrent action of the *ex-officio* boards of said counties."

Section 1 of the validating act of June 24, 1921, (Laws of 1921, p. 828,) provides, in substance, that all changes in boundaries of township or community high school districts which were provided for in section 90 (enumerating them) are made legal and valid. Section 2 of the act pro-

vides that no such change of boundary as is described in section 1 is validated unless such change is made by the county superintendent of schools, county judge and county clerk of the county in which the district's offices are situated, acting as an *ex-officio* board, and certain provisions concerning the necessary petition thereinafter set out have been met. These provisions are, in the main, the same as the provisions of section 90. It was the evident purpose of the legislature to validate the acts of *ex-officio* boards that have taken place under that portion of section 90 of the School law which, though not itself held to be unconstitutional, was destroyed by the invalidity of other portions, as held in *Jackson* v. *Blair, supra.* If the legislature could in the first instance have given to the *ex-officio* board the power conferred upon it by section 90 it can validate the acts of such board taken in pursuance of that power even though the section granting the power has been held to be invalid, when its invalidity is not inherent in the provision itself but arises by reason of its relation to other provisions of the act which are in themselves unconstitutional. The question resolves itself, therefore, into this: Are the provisions of section 90 conferring this power upon *ex-officio* boards void as delegating legislative or judicial authority?

Article 3 of the constitution divides the powers of the government into three distinct classes,—legislative, executive and judicial,—and the mandate is that the powers of one department shall not be exercised by another department. Official duties of government are classed under these three heads. In the course of the administration of government, duties frequently arise that cannot be properly, or at least exclusively, classed under either of these heads. It was held in *Hawthorn* v. *People,* 109 Ill. 302, that the statute conferring on clerks of courts the power to approve bonds did not confer judicial authority though the acts to be performed required the exercise of judgment and discretion

and were therefore in their nature judicial. So assessors, boards of supervisors and boards of equalization, in reviewing, equalizing or assessing property, act judicially but are not exercising judicial powers. (*Owners of Lands* v. *People,* 113 Ill. 296.) In *People* v. *Buskirk,* 279 Ill. 203, a county superintendent of schools was held not to be acting in a judicial capacity in hearing and deciding an appeal from the trustees of schools concerning the change of boundaries of school districts.

The duties of the *ex-officio* board are very similar to those of the school trustees in relation to the change of boundaries. Like school trustees it cannot act nor be compelled to act until the law is complied with. The *ex-officio* board cannot, of its own motion, change the boundaries of school districts. Though it has the discretion to allow or deny the petition before it, it can do nothing else. It can not make any changes in boundaries of districts other than the exact changes prayed for in the petition. It can do only the specific thing asked in the petition. It has no power to refuse to do that and do another thing. While it may decide the sufficiency of the petition, the act confers upon it no discretion as to what shall constitute a sufficient petition. That is defined by the law. When the petition does not comply with the law the *ex-officio* board has no power to say that the one presented is sufficient. In short, no power is given to that board to determine what the law shall be. The discretion to be exercised by it is a ministerial or administrative discretion to determine, not what the law shall be but what shall be done in the matter of its execution. This is neither a delegation of legislative nor judicial power. *People* v. *Buskirk, supra; City of Chicago* v. *Washingtonian Home, supra; Nolting* v. *Batterton,* 231 Ill. 394; *Owners of Lands* v. *People, supra.*

The powers conferred on the *ex-officio* board by section 90 not being a delegation of legislative or judicial powers they are not within the prohibition of the constitution.

Legislative authority having existed, in the first instance, to create this board and to delegate to it such powers as were attempted to be given in section 90, the act validating the action of such board taken in pursuance of such powers is valid.

The court did not err in dismissing appellants' bill for want of equity, and the decree will be affirmed.

*Decree affirmed.*