THE PEOPLE *ex rel.* The Board of Education of Community High School District No. 305, Appellant, *vs.* THE BOARD OF EDUCATION OF NON-HIGH SCHOOL DISTRICT No. 400, Appellee.

*Opinion filed June 23, 1928.*

1. SCHOOLS—*when former judgment in quo warranto does not constitute estoppel in subsequent proceeding.* A former judgment in *quo warranto* quashing relator's writ questioning the authority of a board of education of a high school district over a certain territory claimed to have been detached from the district does not estop a defendant non-high school district, claiming jurisdiction over the territory, from asserting the validity of the detachment in a subsequent *quo warranto* proceeding by the high school district, where the judgment in the former case was not on the merits but quashed the writ because the individual members of the board, and not the district, were made defendants.

2. SAME—*when detachment of territory is validated by act of 1921.* Detachment of territory from a high school district by an *ex-officio* board acting under section 90 of the School law, as amended in 1917, which was held unconstitutional, is validated by the act of June 24, 1921, where there was a petition for such detachment signed by more than two-thirds of the legal voters of the territory, regardless of whether there is any record of the *ex-officio* board showing proof of posting of notices or compliance with other statutory requirements.

APPEAL from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding.

CARL H. PREIHS, State's Attorney, LESLIE J. TAYLOR, and C. E. FLESHER, for appellant.

HOGAN & REESE, PROVINE & WILLIAMS, and JOHN W. COALE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An information in the nature of *quo warranto* on the relation of the board of education of Community High School District No. 305 was filed, on leave granted, in the circuit court of Christian county, charging the board of education of Non-High School District No. 400 with usurpation of authority over certain land in Mosquito township. Pleas of justification, replications and rejoinders were filed, issues were joined, the cause was heard by the court, and a judgment was rendered finding the respondent not guilty, quashing the writ and adjudging costs against the relator.

The land involved in this case was originally a part of district 305. The *ex-officio* board which section 90 of the School law as amended in 1917 attempted to create, made an order on December 23, 1919, detaching the land from district 305 and adding it to the non-high school district. On appeal to the superintendent of instruction this order was reversed on March 2, 1920. The amendment of 1917 creating the *ex-officio* board was held unconstitutional in *Jackson* v. *Blair*, 298 Ill. 605. On June 22, 1921, the General Assembly passed an act approved June 24, 1921, to validate, among other things, all changes of boundaries of township or community high school districts whereby territory would be detached from a high school district and added to a non-high school district, provided that no such change would be validated unless it was made by the county superintendent of schools, the county judge and the county

clerk of the county in which the districts affected were situated, acting as an *ex-officio* board, and was petitioned by a majority of the legal voters at school elections residing within the territory detached from or added to a high school district, and "legal voters at school elections" were declared to mean persons entitled to vote at elections held for the purpose of choosing officers for schools. (Laws of 1921, p. 828.) This act was held valid in *Milstead* v. *Boone,* 301 Ill. 213, on December 22, 1921. Respondent relies upon this act as making valid the order of detachment made by the so-called *ex-officio* board. The order having been promptly reversed by the superintendent of instruction, no attempt was made by the non-high school district to exercise any authority by virtue of it over the land which it purported to transfer from district 305 to the non-high school district. On May 23, 1922, an information in the nature of *quo warranto* was filed by the People against the individuals who were the members of the board of education of district 305, and while it was pending the members of the board of education of district 305, together with certain tax-payers in the district, caused a writ of *certiorari* to be issued out of the circuit court against the county superintendent of schools, the county judge and the county clerk, requiring that a correct transcript of all records, papers, documents and files belonging to the *ex-officio* board of education be certified to the court for the purpose of determining the legality of the proceedings for the detachment of the territory. The two cases were tried together and a judgment was rendered in the *certiorari* case sustaining the record, which was affirmed on appeal to this court. (*Wiswell* v. *Simpson,* 313 Ill. 49.) Judgment was rendered in the *quo warranto* case finding the defendants not guilty and quashing the writ, and no appeal was taken from that judgment.

The vital question in this case is whether, as the result of the proceedings before the so-called *ex-officio* board and

the act of the General Assembly, the land in question was detached from district 305, and in connection with this question the claim of the appellant must be considered that the judgment of the circuit court of Christian county in the *quo warranto* case of the People against the individual members of the board of education of district 305 decided that question in favor of appellant. This claim of the appellant was considered in the case of *People* v. *Long*, 328 Ill. 297, which was an application for judgment for taxes levied by district 305 upon the land in question. It was claimed by the People in that case that the judgment in the *quo warranto* case operated as an estoppel to question the jurisdiction of the school district over the land by those who were relators in that proceeding, but it was held that the school district was not a party to that proceeding, and because it was not a party the court had no jurisdiction to determine the question of the sufficiency of the detachment proceedings before the *ex-officio* board, the judgment could not have been other than that the writ be quashed, and the further finding of the court that the respondents, the individual defendants, were not guilty had no significance with reference to the question whether or not the detachment proceedings were valid. There was, therefore, no estoppel in that case and there is none in this.

The appellant argues that the order detaching the territory from district 305 was not made valid by the act of 1921 because there was no record of a petition, notice, proof of posting notices or record of any official action of the *ex-officio* board. It is argued that the giving of notice is jurisdictional and must be shown by the record of the board, and that without such a record the proceedings were void. The case is argued for the appellant as if it were necessary to the validity of the detachment proceedings that there should be a record of the *ex-officio* board showing a compliance with all the requirements of the law to give it jurisdiction to make the order. The order of the

county superintendent of schools, county judge and county clerk, acting as an *ex-officio* board, was undoubtedly void, because the law creating the board was unconstitutional and conferred no authority on those officers to do the acts which the law purported to authorize. It may be that if the board had been lawfully constituted its acts would have been void because of the reasons suggested by the appellant, but it is unnecessary to consider that question. The order of detachment was void and the reason is not specially important. The legislature had power to make this void act valid, and it did so subject to two conditions, as was held in *Milstead* v. *Boone, supra.* Those conditions were, that the change was made by the county superintendent of schools, the county judge and the county clerk, acting as an *ex-officio* board, and should have been petitioned for by a majority of the legal voters at school elections residing within the detached territory. The order had no effect as the action of the *ex-officio* board. It was the act of the legislature, alone, which detached the territory from district 305 and added it to the non-high school district. The conditions of the act were complied with. It is undisputed that the county superintendent of schools, the county judge and the county clerk, purporting to act as an *ex-officio* board, made and signed the order detaching the territory. It is undisputed that they had before them at the time a petition requesting the change to be made, with many signatures attached, which were shown by the testimony to be the genuine signatures of legal voters within the territory, and that they were more than two-thirds of such legal voters. This evidence is undisputed. The change in the territory was therefore made legal and valid by the act of the legislature.

The judgment is affirmed.    *- Judgment affirmed.*