THE BOARD OF EDUCATION OF INDIAN PRAIRIE COMMUNITY UNIT SCHOOL DISTRICT No. 204, DuPage and Will Counties, Illinois, *et al.*, Plaintiffs-Appellees, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES OF WILL COUNTY, ILLINOIS, *et al.*, Defendants-Appellants.

Third District  No. 3—08—0819

Opinion filed July 30, 2009.

Burt L. Dancey (argued), of Elliff, Keyser, Oberle & Dancey, P.C., of Pekin, for appellant Committee of Ten *et al.*

Richard T. Petesch and Brian R. Bare (argued), both of Whitt Law LLC, of Aurora, for appellee Board of Education of Indian Prairie Community Unit School District No. 204.

Respicio F. Vasquez (argued) and Brian P. Crowley, of Franczek Radelet & Rose P.C., both of Chicago, for appellee Board of Education of Plainfield Community Consolidated School District No. 202.

JUSTICE LYTTON delivered the opinion of the court:

Residents of the Tamarack Fairways subdivision petitioned to detach their property from Plainfield Community Consolidated School District No. 202 (District 202) and attach to the adjacent district, Indian Prairie Community Unit School District No. 204 (District 204). The circuit court reversed the decision of the Regional Board of School Trustees of Will County (Board) granting the petition. We affirm.

Tamarack Fairways consists of 200 developed lots and is located in Naperville, Illinois. One hundred and fifty of the developed lots are

served by District 204. The remaining 50 lots are adjacent to District 204 but lie within District 202.

In August 2006, the Committee of Ten (Committee) filed a petition for detachment and annexation with the Regional Board of School Trustees of Will County on behalf of 91 petitioners of Tamarack Fairways.[1] In the petition, the Committee requested that the remaining 50 developed lots in Tamarack Fairways be detached from District 202 and annexed to District 204. It was signed by two-thirds of the registered voters in those lots and provided the necessary statutory allegations in support of the Committee's request. The petition also contained a school choice provision. Paragraph 13 stated:

"We request the detachment/annexation be concurrent with the beginning of the next fiscal year for public schools, which begins on July 1, 2007, with one exception: For students residing with Petitions and entering District 202 in the 2006-07 academic year as an eighth grader or older, we request that these students be able to choose whether they will complete their middle and high school education in District 202 or District 204."

The petition did not specifically discuss the implementation of paragraph 13. The prayer for relief asked the Board to grant the petition "in accordance with para. 13."

The Board scheduled a public hearing for January 2007. Prior to the hearing, District 202 filed a response in which it argued that the school choice provision violated Illinois law and District 202's policy regarding residency and tuition. At the hearing, District 204 filed an additional response, adopting the arguments made by District 202.

At the hearing, the Committee presented numerous witnesses and documents to support the allegations in its petition. In response, counsel for District 202 argued that districts have the discretion to enter into intergovernmental agreements regarding nonresident students, but the Board could not order them to do so. Counsel also argued that the Board's power to act was limited to simply admitting or denying the petition as a whole. However, the Board could not modify the petition. Following a short recess, the Board granted the petition, stating "said petition is in all respects in compliance with the law as to form and content."

Both Districts filed complaints for administrative review in the circuit court. The complaints alleged, among other things, that the Board exceeded its authority and Illinois law by approving the petition's school choice provision. The circuit court declined to make

---

[1] A committee was designated because the petition contained more than 10 signatures. See 105 ILCS 5/7—6 (West 2006).

any substantive ruling on the complaint before first remanding the matter to the Board "for clarification as to whether the Regional Board of School Trustees intended to grant the relief requested in the Petition in its entirety, specifically the provisions of paragraph 13 of the Petition." The Board issued an amended order granting the petition "in its entirety."

On return to the circuit court, the Committee asked the court to affirm the disconnection portion of the petition, but reverse the school choice provision. The circuit court dismissed the petition as a whole, stating that paragraph 13 was contrary to the Illinois School Code (School Code) (105 ILCS 5/1—1 *et seq.* (West 2006)) and that, as a court of administrative review, it did not have the ability to modify the petition. The Committee appeals.

## STANDARD OF REVIEW

The Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2006)) limits our review of the substance of an administrative law case. We review the Board's decision, not the decision of the circuit court. *Ahmad v. Board of Education,* 365 Ill. App. 3d 155 (2006). The standard of review to be applied to an administrative agency's decision on a question of law is *de novo. Peoria Disposal Co. v. Illinois Pollution Control Board,* 385 Ill. App. 3d 781 (2008).

Because review of a final administrative decision may only be obtained as provided by statute, a court is said to exercise "special statutory jurisdiction" when it reviews an administrative decision. *ESG Watts, Inc. v. Pollution Control Board,* 191 Ill. 2d 26, 30 (2000). Special statutory jurisdiction is limited to the language of the act conferring it, and the court has no powers from any other source. *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees,* 218 Ill. 2d 175 (2006). A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute. *Collinsville Community Unit School District,* 218 Ill. 2d at 182.

## ANALYSIS

The Committee argues that the circuit court erred in finding that it could not modify the petition and set aside the illegal school choice provision. The Committee maintains that the circuit court had the authority to affirm the Board's decision in whole or in part pursuant to its broad powers of administrative review under section 3—111 of the Administrative Review Law (735 ILCS 5/3—111 (West 2006)) and the powers of appellate review under Supreme Court Rule 366 (155 Ill. 2d R. 366).

Section 3—111(a)(5) of the Administrative Review Law provides the circuit court with the power to "affirm or reverse the decision in whole or in part." 735 ILCS 5/3—111(a)(5) (West 2006). Similarly, Supreme Court Rule 366 gives a reviewing court the authority to make any order that should have been made, including partial reversal. See 155 Ill. 2d R. 366.

School district boundaries may be changed by detachment and annexation by the regional board of school trustees when petitioned by two-thirds of the registered voters in any territory proposed for annexation or detachment. 105 ILCS 5/7—1(a) (West 2006). The petition process is outlined in section 7—6 of the School Code. Specifically, section 7—6(k) states that, after a public hearing, the regional superintendent of schools as a member of the regional board shall enter an order either granting or denying the petition. 105 ILCS 5/7—6(k) (West 2006). No petitioner signatures shall be added after the petition is filed. 105 ILCS 5/7—1(a) (West 2006). A petition may only be "amended *** at any time prior to the hearing" where petitioners seek to withdraw no more than 10% of the territory in the petition. 105 ILCS 5/7—6(d) (West 2006).

The Administrative Review Law empowers a court of review to either affirm or reverse a board decision; it can do no more than that. *Russell v. Board of Education*, 379 Ill. App. 3d 38 (2008). It cannot make any changes in boundaries of districts other than the exact changes prayed for in the petition. *Millstead v. Boone*, 301 Ill. 213 (1921). It can do only the specific request provided for in the petition as a whole. See *Biscan v. Village of Melrose Park Board of Fire & Police Commissioners*, 277 Ill. App. 3d 844 (1996). This court has long recognized that the administrative body reviewing a petition for detachment and annexation can either allow or deny the petition before it, but it cannot modify the request. *Board of Education of Wellington Community Unit School District No. 7 v. County Board of School Trustees*, 13 Ill. App. 2d 561 (1957); *Streator Township High School District No. 40 v. County Board of School Trustees*, 5 Ill. App. 2d 38 (1955).

The primary rule of statutory interpretation is to determine and give effect to the intent of the legislature. *Peoria Disposal*, 385 Ill. App. 3d at 793. The most reliable indicator of that intent is the plain language of the statute itself. Where two statutes appear to be in conflict, the more specific one applies over the more general. *Village of Chatham v. County of Sangamon*, 351 Ill. App. 3d 889 (2004).

In this case, the circuit court determined that the Committee's petition contained an unlawful school choice provision and could not be modified. The Committee does not argue that paragraph 13 is legal.

Instead, the Committee maintains that the circuit court had the authority to strike paragraph 13 and grant the remaining provisions of the petition. We disagree.

Section 3—111 of the Administrative Review Law applies to all matters of administrative review before a circuit court, and Rule 366 deals with the general power of appellate review. By contrast, Article 7 of the School Code addresses the specific subject of petitions for detachment and annexation of school districts before a regional board. 105 ILCS 5/7—1 *et seq.* (West 2006). Accordingly, the School Code controls this case over the more general provisions of section 3—111.

Section 7—6 of the School Code identifies a petition for detachment and annexation and states that the petition must be admitted or denied by the Board. See 105 ILCS 5/7—6(k) (West 2006). The petition must stand on its own and be approved or rejected as a whole. 105 ILCS 5/7—6 (West 2006). Article 7 does not permit any substantive modification of the petition once it has been filed with the regional superintendent of schools. Thus, the Board did not have the authority under Article 7 of the School Code to modify the petition to remove the illegal provision, nor did the trial court and nor do we.

Case law supports the position that we cannot modify the petition. In *Russell*, the appellate court held that the Administrative Review Law only authorizes a reviewing court to affirm or reverse a board's decision, nothing more. See also *Board of Education of Wellington*, 13 Ill. App. 3d at 567 (school board's administrative order must be affirmed or denied; cannot be modified). None of the cases cited by the Committee stand for the proposition that a petition for detachment and annexation from school districts can be modified by a reviewing court. See *Calabrese v. Chicago Park District*, 294 Ill. App. 3d 1055 (1998) (administrative proceeding dealt with back pay of terminated employee); *Thomas v. Police Board*, 90 Ill. App. 3d 1101 (1980) (affirming in part and reversing in part an administrative review board's order in the context of police officer discipline). Under the statute and our case law, the circuit court did not have the power to modify the petition by removing the illegal school choice provision.

Public policy also favors our decision to reverse the Board's order. Article 7 of the School Code requires two-thirds of the registered voters to sign a petition before it can be approved by the Board. The statute then insulates the petition and does not permit modification, with only a few procedural exceptions. See 105 ILCS 5/7—6(d) (West 2006). Without the requisite signatures, the Board lacks jurisdiction to hear the petition. These requirements protect the intent of the petitioners. The petitioners have signed the petition as a whole and agree that all the provisions are in the best interests of their children.

If the Board and administrative review courts are allowed to modify petitions after the administrative hearing, the petitions will no longer accurately reflect the wishes of the registered voters who signed it. Such acts could allow for the modification and approval of petitions that, in their modified form, never would have obtained the required jurisdictional signatures. This clearly contravenes the intent of the statute. In this case, the only appropriate remedy is to reverse the Board's decision.

CONCLUSION

The judgment of the circuit court of Will County affirmed.

Affirmed.

O'BRIEN, P.J., and WRIGHT, J., concur.