(No. 29006.—

THE PEOPLE *ex rel.* George F. Barrett, Attorney General, Appellee, *vs.* GENTILE COOPERATIVE ASSOCIATION *et al.*, Appellants.

*Opinion filed January 23, 1946.*

GEORGE T. SPENSLEY, of Chicago, for appellants.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Attorney General of Illinois filed a petition in *quo warranto* against appellant, Gentile Cooperative Association, and its directors, Eugene R. Flintcraft, Marvin Ferree and John M. Nolan, to oust said directors from exercising the privileges of a corporation, and to oust the corporation of its franchise, and to compel its dissolution. The superior court of Cook county entered its judgment holding the purposes of the corporation were illegal, ousting it from its corporate franchise, and prohibiting the directors from exercising rights or privileges as officers and directors of such corporation. An appeal is perfected to this court by the corporation and Eugene R. Flintcraft. We have jurisdiction on direct appeal because a franchise is involved.

The appellee claims that the purposes enumerated in the corporate charter are illegal *per se,* and also that the corporation was abusing its corporate franchise, all of which is denied by the defendants. But, before the validity of the judgment of the superior court can be determined, it is necessary to examine the pleading upon which the judgment was entered.

Prior to 1937 the complaint in a *quo warranto* proceeding filed by the Attorney General merely inquired by

what authority the defendant exercised the claimed right, franchise or privilege, and thereupon the defendants were required by plea to justify the warrant of authority under which they acted. The issue between the Attorney General and the defendants was formulated by the replication, where the real controversy against the defendants was first disclosed. The Quo Warranto Act was amended in 1937, and this practice was still authorized but, in addition, an alternative manner of pleading was provided, *viz.*, "If the plaintiff elects to set forth expressly in the complaint the grounds for an attack on the defendant's claimed right, the defendant may answer the complaint or present a motion directed thereto as in other civil actions, but if the complaint is in general terms, as in this Act provided, the defendant shall by answer disclaim or justify, and if he justifies shall set out the facts which show the lawful authority to exercise the right claimed. The plaintiff may reply to the answer or present a motion directed thereto as in other civil actions." Ill. Rev. Stat. 1945, chap. 112, par. 11.

In this case the alternative practice authorized has been followed in a complaint of two counts, the first directed against the directors, and the second against the corporate defendant. Count 1 alleges the directors filed an application to form a corporation not for pecuniary profit, setting out the purposes, and that the Secretary of State issued a certificate of incorporation for such purposes; that such certificate of incorporation was illegally issued because the purposes were void, and that the individual defendants as directors are exercising privileges and franchises of the Gentile Cooperative Association without authority, because the *purposes* of said incorporation are illegal and subversive; and it thereupon sets out as conclusions in what respect the purposes disclosed in the corporate charter are contrary to law, thereby rendering the individual defendants subject to be ousted from the exercise of such privi-

leges, and it requires an answer to show by what right they claim, etc.

The second count is directed against the corporate defendant, and alleges it is a corporation created by law and still exists, but is exceeding the rights and privileges granted in its corporate charter by doing certain acts which are illegal, subversive and against public policy, and therefore exercises such claimed rights, privileges and franchises without warrant of law, and prays that an answer be required. It is also alleged in the second count, as a matter of *fact,* that the illegal acts consist of discrimination against other persons, and doing other acts against public policy and law.

To the first count the defendants filed an answer, setting forth the corporate charter, and denying in express words each allegation of *purpose* contained in the first count of the complaint. To the second count the corporate defendant answered that its charter was granted in accordance with law, and expressly denied each and every fact alleged to have been illegally done upon its part.

After these answers were filed the plaintiff made a motion to strike, directed to the first count only, praying judgment because the complaint and answer disclosed an illegal purpose. No motion was directed to the second count. The superior court, upon the motion so directed towards the first count, entered a judgment of ouster, which included both the individual defendants named in count 1 as well as the corporate defendant mentioned in count 2. The order provided the answer in count 1 be stricken for insufficiency in law. It is also ordered that the Gentile Cooperative Association be ousted, excluded and prohibited from exercising the functions, rights and privileges of the corporation under its charter, and that the officers and directors be ousted from holding or exercising any rights, privileges or functions as officers, directors, agents, or otherwise, of said corporation.

The right of the Attorney General to question the legality of a corporation, as well as the rights of individuals to exercise franchises or privileges granted to the corporation, is expressly provided by statute. The act of 1937, among other things, provides a *quo warranto* proceeding may be brought in case "(d) Any association or number of persons shall act within this State as a corporation without being legally incorporated; (e) Any corporation * * * exercises powers not conferred by law." Ill. Rev. Stat. 1945, chap. 112, par. 9.

Although the Quo Warranto Act has authorized a change in the manner of pleading, if the plaintiff so elects, the substantive requirements of *quo warranto* are not changed by this statute. From a reference to the long-settled requirements of the procedure in *quo warranto* it may be readily perceived that the judgment in this case was improvidently ordered against the defendants in both counts 1 and 2, because each is the antithesis of the other, one denying, and the other admitting legal corporate entity. In *People ex rel. Shrout* v. *Long,* 328 Ill. 297, it is held that "the rule is well established in this State that if the information in *quo warranto* be for usurping a franchise by a corporation it should be against the corporation, but if the information be for usurping the franchise to be a corporation it should be against the particular persons guilty of usurpation." The rule so established is supported by abundant authority.

It has also been held a proceeding in *quo warranto* against a corporation admits the corporate existence, (*North and South Rolling Stock Co.* v. *People ex rel. Schaefer,* 147 Ill. 234; *People ex rel. King* v. *North Fork Outlet Drainage Dist.* 331 Ill. 68,) and therefore the admission brought about by making the corporation defendant in count 2 was at variance with the allegation of count 1. Under the new act both the directors and the corporation may be made parties defendant, provided it be in separate

counts. (Ill. Rev. Stat. 1945, chap. 112, par. 11; *People ex rel. Ray* v. *Lewiston Community High School Dist.* 388 Ill. 78.) In the case cited there was a *quo warranto* proceeding against both the school district and its officers. In explaining the new practice permissible under the Quo Warranto Act, we there said: "The plaintiff, therefore, had the right in the same suit to charge the corporation in one count with usurping powers which it did not possess and to charge, by a separate count, the individuals with usurping the powers of a corporation which had no lawful existence. In order to properly litigate those issues it would be necessary to make both the corporation and the individual parties defendant. In such case, if it appears when the issues are formed by the answer to the complaint and plaintiff's reply to the answer that the only issue involved is the legal existence of the corporation, obviously the plaintiff could not proceed against the corporation. * * * The plaintiff having made the district a party defendant on the first count of the complaint was estopped from offering evidence under that count on the issue of its corporate existence. It could not proceed against it upon the theory that it was a corporation and, at the same time, take the incongruous position that it had no corporate existence."

In the present case there is an issue of fact joined on the second count. Upon the first count, in view of the denials of purpose, the only thing remaining is the allegation that the corporation had been granted a charter, which, according to its terms, was illegal *per se,* and, therefore, no justification for the individuals exercising franchises as the directors thereof.

The court entered a judgment of ouster against the corporation, when by making it a defendant its corporate existence was admitted, although the first count proceeded against the directors upon the theory there was no corporate existence. In the *Lewiston School District case,*

commenting upon a similar procedure, we held the relator could not proceed against a corporation upon the theory that it was legally created, and at the same time take the position that it had no corporate existence. The law does not tolerate the inconsistency of admitting the legal existence of a corporation and at the same time entering a decree holding it is not a corporation. The court had authority under the pleading to dispose of the first count as a matter of law. It likewise had a right to try the issues formed and settled under the second count, but was not authorized in a *quo warranto* proceeding to enter a judgment against the individuals exercising the franchises of a nonexistent corporation, and at the same time enter a judgment against the same corporation under a pleading which conclusively admitted its existence. Under the first count a judgment against the defendants would decide the Gentile Cooperative Association had no corporate existence. A judgment under the second count would be based on abuse of franchises legally granted the corporation, but such abuse would not necessarily be ground for ouster. (Ill. Rev. Stat. 1945, chap. 112, par. 14.) The judgment order discloses it was entered against all defendants, though an undisposed-of issue of fact existed under count 2, and nothing in the record shows a judgment based solely on count 1.

In view of the state of the pleadings the cause must be remanded because the judgment was entered jointly against the separate defendants in the separate counts, and we are not authorized by the Civil Practice Act to sever the defendants in this court and enter a judgment against one or more. (*Fredrich* v. *Wolf,* 383 Ill. 638; *Gray* v. *First Nat. Bank,* 388 Ill. 124.) The judgment of the superior court of Cook county is therefore reversed, and the cause remanded with directions to proceed in a manner consistent with the views herein expressed.

*Reversed and remanded.*